## Dodson Coal Co., Appellant, *v.* Delano et al.

*Contracts—Coal leases—Construction—Intention—Mines and mining—Coal pillars—Removal—Statements of claim—Allegata et probata—Practice, C. P.*

1. A statement of claim in an action for breach of the express covenants of a lease relating to the maintenance of coal pillars fails to state a cause of action where it does not appear that plaintiff was a party to the lease concerning the breach of which complaint is made.

2. In such case the action cannot be maintained on the theory

that plaintiff claimed for the breach of an implied covenant of quiet enjoyment of a lease under which plaintiff held title where no such claim appeared in the statement; if plaintiff had such a cause of action against defendant it was bound to have so averred in the statement of claim, for, simple as pleading has become, a defendant still has a right to know what he is called upon to answer.

3. In such case it appeared that defendant's predecessor in title had demised the coal under a tract of land adjoining plaintiff's by a lease which provided that between the outer boundary lines of the demised premises and the adjoining properties "there shall be left a solid wall of coal of at least sixty feet in thickness, which shall not in any manner be broken through without the written consent of the lessors." Plaintiff claimed its coal by a lease from the same lessor, which lease contained the same provision. It appeared that the coal had been removed from the pillar in the mine adjoining plaintiff with the consent of the defendant whereby plaintiff was compelled by the mine inspector to maintain a pillar three hundred feet wide; plaintiff averred a breach of the covenant in the lease between his lessor and the lessee of the adjoining mine. *Held,* (1) that plaintiff could not recover on the express covenant because he was not a party to the lease, (2) that he could not recover on an implied covenant of quiet enjoyment where no such claim was averred in the statement, and (3) that there was no breach of the covenant between the lessor and lessee of the adjoining mine, as the coal had been mined with the consent of the lessor, and a verdict for defendant was properly directed.

Argued Feb. 13, 1917. Appeal, No. 320, Jan. T., 1916, by plaintiff, from judgment of C. P. Schuylkill Co., Sept. T., 1913, No. 217, on directed verdict for defendant, in case of The Dodson Coal Company v. Warren Delano and Frederick A. Delano, Trustees under the last will and testament of Warren Delano, deceased, and under the last will and testament of James S. Cox, deceased. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit for breach of the covenants of a lease. Before BECHTEL, P. J.

The opinion of the Supreme Court states the facts.

Verdict for defendant by direction of the court and judgment thereon. Plaintiff appealed.

*Errors assigned* were rulings on evidence and in directing a verdict for defendant.

*Henry S. Drinker, Jr.,* with him *John F. Whalen* and *Woodbury & Woodbury,* for appellant.—The covenant for quiet enjoyment on the part of the lessor was broken by the defendants: Kelly v. Miller, 249 Pa. 314; Budd-Scott v. Daniell, L. R. 1902, 2 K. B. 351; Markham v. Paget, L. R. 1908, 1 Ch. Div. 697; Maule v. Ashmead, 20 Pa. 482; Schuylkill & Dauphin Improvement & R. R. Co. v. Schmoele et al., 57 Pa. 271; Lanigan v. Kille, 97 Pa. 120; Einfield v. Shermer, 56 Pa. Superior Ct. 4; Sanderson v. Mayor of Berwick-upon-Tweed, L. R., 13 Q. B. D. 547.

*C. E. Berger* and *Otto E. Farquhar,* with them *George M. Roads,* for appellee.—There was no privity of contract between the plaintiff and the defendants: Hill v. Pardee, 143 Pa. 98; Freeman v. Penna. R. R. Co., 173 Pa. 274.

OPINION BY MR. CHIEF JUSTICE BROWN, June 30, 1917:

After overruling all offers of evidence by plaintiff in support of its cause of action, as set forth in its statement of claim, the learned trial judge directed a verdict for the defendant, on which judgment was subsequently entered. In determining whether it was properly entered, all facts which the plaintiff proposed to prove are to be taken as true, and we proceed to state them.

Warren Delano and James S. Cox, the owners of a large tract of coal land in West Mahanoy Township, Schuylkill County, known as the New Boston Lands, leased the eastern portion of it on April 26, 1882, to the Mill Creek Coal Company, giving it the exclusive right and privilege of mining and taking away all coal therein.

This lease was recorded May 1, 1882. One of its provisions was "that between the outer boundary lines of the demised premises and the adjacent properties there shall be left a solid wall of coal of at least sixty feet in thickness, which shall not in any manner be broken through without the written consent of the lessors." On March 8, 1888, Delano and Cox leased the western portion of their land to Weston Dodson, Truman M. Dodson and Charles M. Dodson, giving them the exclusive right and privilege of mining and taking away all coal therein. This lease contained a provision exactly similar to that in the lease to the Mill Creek Coal Company as to a solid wall of coal at least sixty feet in thickness between the demised premises and adjacent property. In 1889 this lease was assigned to The Dodson Coal Company, the plaintiff below. In the same year, by an agreement in writing between the said lessors, the Mill Creek Coal Company and The Dodson Coal Company, the boundary line dividing the demised premises was changed, without, however, changing the rights of the parties in any other respect. Since that time both of the lessors have died, and under their respective wills their interests in the two leases became vested in the defendants below. The breaker of the Mill Creek Coal Company was burned in 1893 and its mines were filled with water. On February 12, 1896, The Dodson Coal Company, having at that time mined within approximately three hundred feet of the line dividing the two leaseholds, was notified by the mine inspector of the district to leave a barrier pillar of at least three hundred feet in thickness as a necessary protection against the water which had accumulated in the Mill Creek workings. This notice was given by the inspector under the powers vested in him by the Act of June 2, 1891, P. L. 176. Some time prior to 1908 all the water was pumped from the workings of the Mill Creek Coal Company, and on November 27, 1908, notice was given by the lessors to The Dodson Coal Company to mine all the coal in its leasehold premises to the line of

the Mill Creek Coal Company. The coal pillar on the Mill Creek Coal Company's side had been removed by it under the direction of the lessors. On January 27, 1909, The Dodson Coal Company notified John F. Curran, the mine inspector of the district, of its intention to drive its gangway into the three hundred feet pillar, and he thereupon filed a bill in equity against it and obtained a preliminary injunction restraining it from penetrating the said pillar. The landowners intervened as parties defendant. The court below made the injunction permanent, and from its decree the landowners appealed to this court, which directed the injunction to remain in force until action could be taken to fix the barrier pillar in accordance with the provisions of the Act of June 2, 1891; Curran v. Delano, 235 Pa. 478. In pursuance of our decree, a board composed of the mine inspector and two engineers, one for The Dodson Coal Company and the other for the Mill Creek Coal Company, proceeded to the determination of the necessity of the barrier pillar, and found that the pillar was necessary, and fixed its width at three hundred feet. The Mill Creek Coal Company and the landowners then filed a bill against the mine inspector, The Dodson Coal Company and other necessary parties for the purpose of setting this finding aside. This bill was dismissed and the decree of the court below dismissing it was affirmed: Mill Creek Coal Company v. Curran, 244 Pa. 496. On August 19, 1913, this action in assumpsit was brought, and plaintiff's cause of action is thus set forth in the seventh and ninth paragraphs of the statement of its claim: "Disregarding the covenants in the lease to the Mill Creek Coal Company, the defendants have permitted said company to remove all the coal in the various veins on its property to the division line hereinbefore referred to and permitted said Mill Creek Coal Company to wholly disregard its duty to maintain a pillar on its side of the division line between the Dodson Coal Company and itself, without the knowledge of the plaintiff at the time said work was

done; that the defendants have further permitted said Mill Creek Coal Company to drive through said division line into the property leased to the Dodson Coal Company a distance of forty feet.......By reason, of the breach of covenant on the part of the defendants, the Mill Creek Coal Company was permitted to mine to the land line of its lease, thereby throwing the burden of the whole pillar upon the plaintiff, and requiring the whole of said pillar to be left in the property leased to it, thereby reducing the area of available coal and preventing the plaintiff from mining and taking away the coal in the various veins in this property, by which it has been damaged to the extent of Two Hundred Thousand Dollars ($200,000.00), for the recovery of which this suit is brought." With the plaintiff's cause of action thus distinctly set forth as being for an alleged breach of a covenant in a lease to which it was not a party, the learned trial judge held that the overruled offers, if allowed, would not avail in this action, and the verdict was accordingly directed for the defendants.

Notwithstanding the pleadings and the offers made by the plaintiff on the trial below, its learned counsel contend on this appeal that its claim is on a broken implied covenant in the lease of March 2, 1888, to the Dodsons for quiet enjoyment, the alleged breach consisting of the defendants' permission to the Mill Creek Coal Company to mine the coal pillar up to the dividing line between the two leaseholds, thereby depriving appellant of the right to mine a part of the coal to which it was entitled under the lease now held by it, executed by the defendants' predecessors. No such claim appears in plaintiff's statement. If it had a cause of action against the defendants for the breach of an implied covenant for quiet enjoyment, it was bound to have so averred in the statement of its claim, for, simple as pleading has become, a defendant still has a right to know what he is called upon to answer: Wilkinson Manufacturing Company v. Welde, 196 Pa. 508. Plaintiff's statement avers its cause of ac-

tion to be the breach of an express covenant in the lease from Delano and Cox to the Mill Creek Coal Company, to which it was no party, and this, without more, was conclusive that, for such alleged breach, it had no cause of action against the defendants, whose demurrer to its statement ought to have been sustained. But, as a matter of fact, there was no breach by the defendants of the covenant as to the pillar of coal in the lease to the Mill Creek Coal Company. The covenant in that lease provided that the wall of coal sixty feet in thickness should "not in any manner be broken through without the written consent of the lessors." With the consent of the lessors it might be broken through; and such consent was given. The lease to the Mill Creek Coal Company was executed and placed on record nearly six years before the Dodsons acquired their lease under which the appellant now holds. They and it were thus notified that the Mill Creek Coal Company could do, under the lease, what it did in mining and removing the coal pillar. Neither the pleadings nor the overruled offers of evidence established any cause of action against the defendants, and the judgment is, therefore, affirmed.

Judgment affirmed.