# Dodson Coal Co., Appellant. v. Delano et al.

*Mines and mining—Coal—Lease—Coal wall—Removal of coal wall—Covenant—Quiet enjoyment—Covenant for benefit of lessor.*

1. Where an owner of coal leases a part thereof, and stipulates in the lease that the lessee shall leave a pillar of a specific width next to the boundary line, and that the same shall not be broken through "without the written consent of the lessors," and six years thereafter he leases the remaining portion of the coal to another party, and subsequently the first lessee removes the pillar referred to in his lease, with the consent of the lessor, with resulting injury to the second lessee, the latter has no claim against the lessor for damages for the injuries sustained.

2. In such case no inference can be drawn from the provision in the first lease as to the pillar, that there was an implied covenant in the second lease for quiet enjoyment.

3. The provision was inserted for the benefit of the lessor, and not for the advantage of any third person not a party to the lease.

4. As the second lessee knew that the pillar could be removed with the lessor's consent, he should, if he desired to prevent its removal, have required a stipulation in his own lease, by the lessor that it should not be taken away.

Argued February 14, 1922. Appeal, No. 215, Jan. T., 1922, by plaintiff, from judgment of C. P. Schuylkill Co.,

May T., 1919, No. 327, for defendant on demurrer, in case of Dodson Coal Co. v. Warren Delano and Frederick Delano, Trustees under will of Warren Delano, deceased, and under the will of James S. Cox, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Demurrer to declaration. Before BECHTEL, P. J.

BERGER, J., having been counsel for defendant in Dodson Coal Co. v. Delano, 258 Pa. 385, did not participate in the disposition of this case.

The opinion of the Supreme Court states the facts.

Judgment for defendants. Plaintiff appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Henry S. Drinker, Jr.,* with him *John F. Whalen* and *Wesley K. Woodbury,* for appellant.—Appellees by directing the Mill Creek Co. to remove the 60-foot pillar not only derogated from their grant by destroying the easement reserved for the lower tract, but started the train of events, the proximate result of which was to evict appellant from a substantial part of the demised premises: Durante v. Alba, 266 Pa. 444; Koons v. McNamee, 6 Pa. Superior Ct. 445; Kelley v. Miller, 249 Pa. 314; Sanderson v. Mayor of Berwick upon-Tweed, L. R. 13 Q. B. D. 547; Markham v. Paget, 1 Ch. Div. 697.

*Geo. M. Roads,* with him *Otto E. Farquhar* and *J. Claude Bedford,* for appellees.—Appellant's statement fails to disclose a cause of action against appellees: Phila. & Reading C. & I. Co. v. Taylor, 1 Leg. Chron. R. 361; West Mahanoy Twp. v. Watson, 112 Pa. 574; Noonan v. Pardee, 200 Pa. 474; Pantall v. Rochester, etc., C. & I. Co., 204 Pa. 158.

OPINION BY MR. JUSTICE SCHAFFER, March 6, 1922:

Prior to April 26, 1882, defendants' decedents were the owners of a large tract of coal land in Schuylkill County.

On that day, they leased part of it to the Mill Creek Coal Company. The lease contained this clause: "Provided, that between the outer boundary lines of the demised premises and of adjacent properties, there shall be left a solid wall of coal of at least sixty feet in thickness, which shall not in any manner be broken through *without the written consent of the lessors.*" This lease was recorded a few days subsequent to its date.

Six years later, on March 8, 1888, the same lessors demised the remainder of the tract to plaintiff's assignors, the lease containing a similar provision as to the maintenance of a wall of coal sixty feet wide. Subsequently the lessors and the two lessees agreed to a shifting of the boundary line between the latter's holdings. The requirement of a pillar of coal sixty feet wide on each side of the new boundary line was preserved.

Thereafter, at a time not clearly shown, the lessors gave their consent to the removal by the Mill Creek Company of the wall of coal on its side of the boundary line and the coal was mined out. As a result of its removal, the boundary pillar between the two tracts became weakened, and the Mill Creek Company's mine having become filled with water, the state mine inspector instituted proceedings which resulted in an order, forbidding plaintiff, whose mine was at a lower level than that of the Mill Creek Company, from mining any coal, within three hundred feet of the boundary; this order covered not only the coal in the sixty-foot pillar on plaintiff's side of the line, but also the two hundred and forty feet of coal belonging to it next adjoining. Being denied the right to remove this body of coal, plaintiff began an action against its lessors (the defendants here) to recover damages for the breach of the implied covenant in the lease for quiet enjoyment, which resulted in a directed verdict for defendants which was affirmed on appeal( Dodson Coal Co. v. Delano, 258 Pa. 385). The present suit was then brought upon a somewhat differently stated cause of action; defendants demurred

to the statement, the court sustained the demurrer and we have this appeal by plaintiff.

This suit is also based on the alleged violation by defendants of the implied covenant of the lease for quiet enjoyment. In its statement of claim, plaintiff alleges that the sixty-foot barrier pillar, provided for in the lease to the Mill Creek Coal Company, was maintained by the lessors, for the benefit of plaintiff's tract, and that the lessors retained control of it for their, plaintiff's, benefit. Just how this could be is not apparent, because plaintiff's lease was not made for six years after the Mill Creek lease. As the basis for damages, plaintiff sets up its eviction from the three hundred feet of coal of which the proceedings of the mine department deprived it, which eviction, it is averred, resulted from defendants permitting the Mill Creek Company to take out the barrier pillar on its side of the boundary, and it is set forth that this violated the implied covenant of quiet enjoyment in plaintiff's lease. No such inference as that set up in the statement can be drawn from the provision in the Mill Creek lease as to the barrier pillar. It was not put in the writing for the benefit of plaintiff or its predecessors in the leasehold; they had no relation to the property when the lease was made, indeed not until six years thereafter. Obviously the clause was drafted to serve purposes of the lessors and for their benefit, not for the advantage of any third person not a party to the lease.

In the statement of claim, plaintiff sets forth that, when its assignors entered into the lease, they had notice, actual and constructive, of the Mill Creek lease, and of its provision as to the barrier pillar. This allegation, that its predecessors knew of the provision in the Mill Creek lease reserving control of the barrier pillar to the lessors, is fatal to plaintiff's case. When they executed the lease, they knew the pillar could be removed, the lessors consenting; if they desired to prevent its removal, they should have required a stipulation by the lessors

that it would not be taken away. As we said when the case was here before (258 Pa. at page 391) : "As a matter of fact, there was no breach by the defendants of the covenant as to the pillar of coal in the lease to the Mill Creek Coal Company. The covenant in that lease provided that the wall of coal sixty feet in thickness should 'not in any manner be broken through without the consent of the lessors.' With the consent of the lessors it might be broken through; and such consent was given. The lease to the Mill Creek Coal Company was executed and placed on record nearly six years before the Dodsons acquired their lease under which the appellant now holds. They and it were thus notified that the Mill Creek Coal Company could do, under the lease, what it did in mining and removing the coal pillar." This construction of the lease, which is the same as we now give to it, determines plaintiff's case adversely, even though its aspect on the pleadings may differ somewhat from the former suit.

The learned court below properly entered judgment for the defendants on the demurrer and the judgment is affirmed.