## Gordon v. Bamford Milling Company, Appellant.

*Workmen's Compensation—Injuries in course of employment—Evidence—Sufficiency.*

In a claim for compensation under the Workmen's Compensation Act, the finding of the Referee will be affirmed, where there is competent evidence to support it.

The credibility of the witnesses is a matter for the Referee, and where the weight of the evidence is with his finding, the award will be sustained.

Argued April 21, 1925.   Appeal No. 208 April T., 1925, by defendant from judgment of C. P. Washington County, November T., 1924, No. 26, in the case of Mathilda A. Gordon v. D. G. Bamford Milling Company.   Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Appeal from Workmen's Compensation Board. Before CUMMINS, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the appeal and affirmed the award.   Defendant appealed.

*Error assigned* was the judgment of the Court.

*Harry L. Nesbit,* and with him *James P. Eagleson,* for appellant.

*John P. Patterson,* and with him *Crumrine & Crumrine,* for appellee.

OPINION BY LINN, J., July 9, 1925:

The employer appeals from judgment confirming a compensation award based on a finding that death resulted from an accident in the course of employment. The only question is whether that finding is supported by competent evidence, or whether, as appellant contends, it is based on incompetent hearsay.   The disputed finding is thus stated by the referee: "On January 12, 1923, the claimant's left foot was run over by a hand truck........causing an injury to his foot."   No question is made of the fact of employment, or that death resulted from the injury under discussion; if, therefore, the record contains competent evidence to

support the finding of the referee, this court must affirm the judgment: Callihan v. Montgomery, 272 Pa. 56, 61.

Deceased lived near the grist mill in which he had been employed for more than thirty years; among other things, he helped unload grain and feed from freight cars by means of hand trucks. He was 76 years old. Prior to January 12th, he had been in good health, with no indications otherwise, except, as his wife testified, "he had some little trouble with ingrown nails on the right foot." On that day he returned from work between 11 and 12 o'clock in the morning, and in the presence of his wife and daughter, took off his shoe and showed them his left foot; they saw that the toes of that foot were bruised. It appears then, that he was in good health when he went to work in the morning, and was disabled when he returned before noon. Accordingly we next inquire whether there is anything in the record justifying the referee in concluding that he was disabled while at work. Defendant called Porter, a fellow-workman, who testified, "I ran over his [decedent's] foot with a car"——"I remember of hitting his foot in the car that day; we was unloading flour, but that was a long spell before that," (meaning before January 12th). With that direct testimony that decedent was injured in the course of his employment before him, the problem of the referee then was to ascertain the date of the injury; whether the wife and daughter were mistaken in testifying that his left foot was sound when he went to work on January 12th, and before noon of that day bore the injuries which they then saw; or whether Porter was mistaken in testifying that he ran over decedent's foot with the car [truck] "a long spell before" January 12th or whether he did so that morning. The credibility, of course, was for the referee, and the weight of the evidence recited is with his finding. For that reason we must affirm the judgment, which makes it unnecessary to pursue the

argument of appellant, or to advert to the reason given by the learned court below in affirming the compensation board, for it is obvious that the finding of the referee in the light of the direct evidence we have recited cannot be condemned as based on incompetent hearsay, within the rule considered in Onofrey v. Collieries Co., 274 Pa. 173; Riley v. Carnegie Steel Co., 276 Pa. 82; Guyer v. Gas Co., 279 Pa. 5.

Judgment affirmed.