# Washco et ux, Appellants, *v.* Wyoming Seminary.

*Workmen's Compensation Law—Appeals—Record—Notes of testimony—Section 427 of the Act of June 26, 1919, P. L. 642.*

Under the provisions of the Act of June 26, 1919, P. L. 642, which amended the Workmen's Compensation Act of 1915, the notes of testimony are properly included in the record under Section 427, when an appeal is taken to the Superior Court, and the appeal is to be determined upon the entire record.

*Workmen's compensation—Act of 1915, Section 307, Paragraph 7—Act of June 26, 1919, P. L. 642—Loss of support.*

Under a claim for workmen's compensation it appeared that the claimants' son was employed to take care of the furnace at the school which he attended, for which service he received free tuition, board and lodging, and that he was killed in the course of his employment. It also appeared that the claimants supplied their son with books and clothing, and there was no evidence that the claimants' son ever actually contributed to the support of his parents.

Under such circumstances the claimants were not dependent upon the earnings of their son, and an award was properly refused.

The Act of June 26, 1919, P. L. 642, which amended the Workmen's Compensation Act of 1915, did not change the character and purpose of the original Act. It is still a Compensation law, and was designed to provide compensation; that is, the making good of the loss of support, and where such loss is not shown, compensation will be refused.

Argued March 1, 1926. Appeal No. 19, February T., 1926, by plaintiffs, from judgment of C. P. Luzerne County, March T., 1925, No. 115, in the case of Michael and Mary Washco v. Wyoming Seminary. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before WOODWARD, J.

The facts are stated in the opinion of the Superior Court.

The Court dismissed the appeal. Claimants appealed.

*Error assigned* was the order of the Court.

*Roger J. Dever,* for appellants.

*E. F. McGovern,* for appellee.

OPINION BY CUNNINGHAM, J., April 19, 1926:

An examination of the facts appearing from the record brought up by this appeal discloses that Nicholas Washco, the minor son of Michael and Mary Washco, appellants, was employed by Wyoming Seminary, appellee, during the school term of 1923-4, to take care of a furnace used to heat its buildings. In consideration of such services he was to receive free tuition, board, lodging and incidentals (equivalent in all to a weekly wage of $18 for thirty-six weeks or approximately $650 for the school year) but neither books nor clothing. On the morning of November 19, 1923, this student and employe while descending from his room in the dormitory to the furnace room by way of the fire escape, which was his custom, was accidentally and instantly killed by a fall from said fire escape.

His said parents, claiming that they were dependent to some extent upon said employe at the time of the accident, within the meaning of our Workmen's Compensation Act, duly filed their claim-petition. Prior to the hearing before the referee the mother, Mary Washco, died, and the claim was proceeded with in behalf of the father, Michael Washco. The referee awarded compensation to the father; the Workmen's Compensation Board reversed the referee; and the Court of Common Pleas of Luzerne County, upon appeal, affirmed the action of the board and entered judgment in favor of the defendant and against the claimant. From this judgment we have the present appeal supported by a single assignment of error alleging that the court below erred in dismissing the claimant's exceptions to the findings of the board and entering judgment in favor of the Seminary.

Since the approval of the amendatory Act of June

26, 1919, P. L. 642, the notes of testimony are properly included under section 427 in the record when an appeal is taken to this court, and the appeal is to be determined upon the entire record: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 165. We "are required to consider whether there is evidence to support the findings of the board and the court below; and if there is, whether the law has been properly applied thereto": Strohl v. Eastern Pennsylvania Railways Co., et al., 270 Pa. 132; see also McCauley v. Imperial Woolen Co.; et al., 261 Pa. 312, 323; Morris v. Yough Coal and Supply Co., 266 Pa. 216, 219; Karpati v. Cambria Steel Co., 70 Pa. Superior Ct., 202, 204; Corcoran v. Pennsylvania Coal Co., 76 Pa. Superior Ct., 325, 327.

The learned counsel for appellant contends that the legislature by the said amendment of June 26, 1919, P. L. 642, to the Workmen's Compensation Act of June 2, 1915, P. L. 736, has made a significant modification in the nature, extent and method of proving the dependency which must be shown in order to entitle a parent to receive compensation for the death of a child, and argues that because the claimant's son was earning his way through college, and thus relieving the claimant from paying his tuition, board and lodging, the fruits of his son's labors were equivalent to contributions to the claimant.

It is pointed out in behalf of the claimant that paragraph seven of section 307 of the original Compensation Act of 1915, P. L. 744, provided for the payment shown to be "dependent to any extent upon the employe for support at the time of his death"; whereas, of compensation to a parent only when the parent was under paragraph five of said section as amended by the Act of June 26, 1919, P. L. 648, compensation is now payable to a parent if "dependent to any extent upon the employe at the time of the accident,......
Provided, however, that in the case of a minor child

who has been contributing to his parents the dependency of said parents shall be presumed."

It is suggested that the omission of the words "for support" and the insertion of the proviso relative to a presumption of dependency where a minor child has been contributing to his parents indicate a legislative intent to liberalize the law to a marked degree.

However true this may be theoretically, it is difficult to see how such intention can have any application to the instant case. There is no evidence in this case that the claimant's son ever actually contributed a single dollar to the support of his parents although there is evidence that he worked as a carpenter during the vacation months.

On the other hand the evidence shows that the claimant during the preceding school year paid $640 for his son's tuition, boarding and lodging at the Seminary, and that during the year in question he supplied him with books and clothes.

The testimony further shows that claimant is the owner of property free from debt; is engaged in a small cigar business; has another son who pays for his boarding at home at the rate of $45 per month; a married son who does not contribute anything to the support of his father; and a daughter who is not employed. Claimant, however, would not have been able to pay for his son's tuition, boarding and lodging during the school year of 1923-4 without borrowing the money.

The conclusions reached by the referee, the board and the court below are summarized in the opinion of the court below in the following language: "The Referee found that he came within the Act because by working his way through school he relieved his father from the duty and expense of educating him, and allowed compensation accordingly. The Board thought this interpretation of the Act was too subtle, and gave the Act a less liberal but more practical interpretation, holding that the dependency of the parents should be

of a positive and not a purely negative character.  As well say that the parents were somewhat dependent upon a boy because he kept in good health and saved them doctor bills."

The amendment of 1919 did not change the character and purpose of the original act.  It is still a compensation law and "was designed to provide compensation; that is, the making good of the loss of support.  Where such loss did not exist compensation does not accrue": Corcoran v. Pennsylvania Coal Co., supra.

In Morris v. Yough Coal and Supply Company, supra, our Supreme Court said: "The term dependency, in the statute, contemplates actual dependency and must affirmatively appear in the record as a fact. No rigid rule can be laid down as to the amount or character of evidence necesssary to show actual dependency; therefore, each case must be controlled by its own circumstances.  But the term actual dependency does not mean sole and exclusive support.  It includes as well partial support, and the query arises, were the contributions needed to provide the claimant (recognized as such by the statute) with some of the ordinary necessaries of life suitable for persons in her class and position?"

Upon a careful examination of the entire record we are of opinion that there is legal evidence to sustain the finding of the board, concurred in by the court below, to the effect that the claimant was not dependent to any extent upon the employe at the time of the accident and that the employe not only made no contributions to the claimant but was in fact more or less of an expense to him for books and clothing, and that the law has been correctly applied to this finding.

The judgment is affirmed.