## Faucett, Appellant *v.* Philadelphia Rapid Transit Company

*Workmen's Compensation Law—Compensation—Dependency—Evidence—Sufficiency.*

Where a decedent has made contribution to his parent which materially aided him in his manner of living, there is sufficient evidence to support a finding that the parent was partly dependent upon the deceased, and was entitled to twenty per cent of the latter's wages.

If the finding of dependency is based on any evidence, or on an inference fairly deducible therefrom, the award must be sustained, though the appellate court might differ from the conclusion thus reached. It cannot substitute its judgment for that of the Referee or the Board, as the Compensation Act has delegated to them the exclusive function of determining these facts.

The Workmen's Compensation Act having expressly provided: "That in the case of a minor child who has been contributing to his parents, the dependency of such parents shall be presumed," that legislative provision cannot be ignored in determining the question of dependency, where there is evidence that the minor had contributed to his parent. The fact that the parent was a tenant farmer and obtained his living from a farm, did not effect his partial dependency upon the decedent who had contributed material sums to his support.

Argued October 20, 1926. Appeal No. 89, October T., 1926, by plaintiff, from judgment of C. P. No. 1, Philadelphia County, June T., 1925, No. 8710, in the case of Oscar Faucett v. Philadelphia Rapid Transit Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Reversed.

Appeal from award of Workmen's Compensation Board.

The facts are stated in the opinion of the Superior Court.

The Court sustained the appeal and entered judgment for defendant. Plaintiff appealed.

*Error assigned*, among others, was the decree of the Court.

*Robert V. Bolger*, for appellant.—There was sufficient evidence for the Referee and the Board to find that the payments made by the minor to the claimant were contributions which established a partial dependency: Creasy v. Phoenix Utilities Co., 276 Pa. 583; Redmond v. Iron Works, 4 D. & C. 142; Halman v. Starr Printing Co., 70 Pa. Superior Ct. 562; Morris v. Yough Coal & Supply Co., 266 Pa. 216; Corcoran v. Penna. Coal Co., 76 Pa. Superior Ct. 325; Shimkus v. Phila. & Reading Coal & Iron Co., 280 Pa. 88.

*Raymond V. John*, for appellee.—The claimant did not prove the requisite partial dependency: Corcoran v. Penna. Coal Co., 76 Pa. Superior Ct. 325; Kalnick v. West Leechburg Steel Co., 2 W. C. B. 57.

OPINION BY PORTER, P. J., December 15, 1926:

The claim of the appellant for compensation, based on his dependency on his minor son who was killed by an accident in the course of his employment by the defendant, was allowed by the referee and approved by the Workmen's Compensation Board. The Court of Common Pleas, on appeal, sustained exceptions to the finding of the referee and the Compensation Board and entered judgment in favor of the defendant, from which judgment we have this appeal. The ground upon which the court below reversed the findings of

the referee and the Compensation Board was that there was not sufficient evidence to sustain the finding that the claimant was, at the time of the accident, dependent upon the deceased employe.

It was admitted of record by the defendant, at the hearing before the referee, that the minor son of plaintiff, on August 23, 1924, met with an accident, in the course of his employment by the defendant, as the result of which he died the same day and that at the time of his death his weekly wages were in excess of $20. In connection with this admission it was specifically stated, on behalf of the defendant, that: "The only question for decision being the dependency of the father and the mother." In this case there was neither widow nor children entitled to compensation and compensation is, under the provisions of the statute, allowed "to the father or mother, if dependent to any extent upon the employe at the time of the accident, 20% of wages; provided, however, that in the case of a minor child who has been contributing to his parents, the dependency of such parents shall be presumed; And provided further, that if the father or mother is totally dependent upon the deceased employe at the time of the accident, the compensation payable to such father and mother shall be 40% of the wages." Under this provision of the statute the plaintiff would have been entitled to 40% of the wages of his deceased minor son if he had been totally dependent upon that son for support. The referee found that he was not totally dependent upon the son for support, but that he was, to some extent, so dependent, and awarded to him compensation at the rate of twenty per centum. of the wages, which amount plaintiff was entitled to receive if he was "dependent to any extent upon the employe at the time of the accident." The only question of law involved in this appeal is: Was there any evidence to sustain the find-

ing of dependency?' "If the finding of dependency is based on any evidence, or on an inference fairly deducible therefrom, the award must be sustained, though we might differ from the conclusion thus reached. We cannot substitute our judgment for that of the referee or the board as the compensation act has delegated to them the exclusive function of determining these facts": Morris v. Yough Coal & Supply Co., 266 Pa. 217; Callihan v. Montgomery, 272 Pa. 62; Corcoran v. Penna. Coal Co., 76 Pa. Superior Ct. 325.

No rigid rule can be laid down concerning the amount or character of evidence necessary to show actual dependency, but each case must be controlled by its own circumstances. The statute having expressly provided: "That in the case of a minor child who has been contributing to his parents, the dependency of such parents shall be presumed," that legislative provision cannot be ignored in determining the question of dependency, where there is evidence that the minor had in fact contributed to his parents. The claimant in this case did not, however, contend that this presumption was conclusive. He presented evidence, which was uncontradicted, and clearly established that the decedent had been contributing to his parents. The claimant testified that the decedent had "on lots of occasions made contributions," and gave items which in the aggregate amounted to $108, and stated that on "quite a lot of other times he gave me money when I saw him"; the witness did not keep any account of these other payments and could not remember the dates and amounts thereof. The claimant was a tenant farmer, fifty-eight years of age, and as the result of his years of labor his only accumulations were the implements and stock which he used in the cultivation of one hundred and fifty acres of land which he rented, such implements and stock being

worth about $1000. During the last five years, prior to the accident, the claimant had been suffering from curvature of the spine and a disease of the kidneys and had not been able to do any work. The work on the farm, except during emergencies, had been done by the decedent and a hired man, down until February 1923, when the decedent wished to leave the farm and try his fortunes in the city; the father did not wish the son to leave the farm but the son made an arrangement with his mother that if he left home and went to the city to work he would contribute money to pay the wages of a man to take his place and work on the farm. The decedent came to Philadelphia and did not succeed in obtaining employment for about six weeks, when he secured a job and during the year following did contribute to his parents at least $108. He boarded with an aunt while in Philadelphia and while he was working paid $10 a week for his board. He told his aunt, who testified as a witness, of the arrangements which he had made to contribute to the support of his parents and said to her that he intended to live up to that agreement "because the doctor bills are running up and I would like to live up to my agreement." This claimant, a tenant farmer fifty-eight years of age, possessing only the farming implements and stock, had not been able to do any work himself for five years and had an invalid wife. He testified that some years he made a little money from his farming operations and put it in bank, but that the next year he might make no money, be compelled to withdraw his small savings from the bank and go into debt. The learned judge of the court below did not seem to be aware of the fact that the life of a tenant farmer is not always a happy one. The claimant testified that at the time of the hearing the only money he had in bank was $1000 which he had received as the proceeds of insurance on the life of this deceased

son.   There was no evidence that at the time of the accident and prior thereto he had any money or property other than the implements and stock necessary to farm the rented land.   The evidence certainly warranted a finding that the claimant and his wife were absolutely dependent for their living upon the crops grown upon the farm and such small amounts as might be received from the sale of the surplus products; and that all the work upon the farm must be done by hired labor.   Any contributions which enabled them to pay the wages of that hired labor directly aided the parents in procuring the necessities of life.   The learned court below erred in holding that there was not sufficient evidence to warrant a finding that the decedent was contributing to the support of his parents.

The judgment is reversed and the record is remitted to the court below with direction to enter judgment in favor of the plaintiff for the amount of the compensation awarded by the Workmen's Compensation Board.