## Savic for the use of Bobic, Appellant, *v.* Pittsburgh Gas Coal Company.

*Workmen's Compensation Law—Compensation for death of husband—Support of wife—Repudiation of obligation—Evidence—Case for jury.*

A claim of a wife to compensation for the death of her husband who left her in Austria while he came to the United States to secure better employment, will be sustained where the evidence established that the failure of the husband to contribute to the wife's support was partly due to the interruption of communication during the World War, and that both before and after hostilities he sent money toward her support.

In such case, if an inference is to be drawn that the separation of the parties and their infrequent communication pointed to a repudiation of the husband's responsibility to support, in which the claimant acquiesced, it is an inference of fact and not a conclusion of law.

The criterion in cases of this character must be whether or not a wife living apart from her husband and dependent upon him, but not actually receiving support from him, has acquiesced in his action under circumstances amounting to a repudiation by him of a legal obligation to support his family.

The statute does not require a claimant to prove that she was wholly dependent upon her husband for support. It is sufficient if partial support is given.

Argued April 10, 1928. Appeal No. 36, April T., 1928, by claimant from order of C. P., Indiana County, No. 29, December T., 1926, in the case of V. R. Savic, Consul General of the Kingdom of Serbs, Croats and Slovenes, for the use of Jela Bobic, v. Pittsburgh Gas Coal Company. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Reversed.

Claim for compensation for death of husband. Before Langham, P. J.

The facts are stated in the opinion of the Superior Court.

The court reversed the award of the Workmen's Compensation Board. Claimant appealed.

*Error assigned* was the decree of the court.

*Harry J. Schmitt*, for appellant.—The evidence was sufficient to establish the wife's dependency: Soule v. McHenry et al., 286 Pa. 49; Morris v. Yough Coal & Supply Co., 266 Pa. 216; Gentile v. Phila. & Reading Ry. Co., 274 Pa. 335. Partial dependency is sufficient to entitle the wife to compensation: Geytko v. P. & E. Coal Co., 88 Pa. Superior Ct. 522.

*Henry I. Wilson,* for appellee.—There was no competent evidence to support the finding of dependency of the wife: Creasy v. Phoenix Utilities Co., 276 Pa. 583; Corcoran v. Pa. Coal Co., 76 Pa. Superior Ct. 327.

OPINION BY HENDERSON, J., July 12, 1928:

The claimant is the widow of Marko Bobic. They were married in Austria-Hungary in 1897. The husband came twice to the United States, the last time in 1913. His object was to secure better employment than was obtainable in his native country, Austria-Hungary. On June 27, 1920, while working for the defendant in a coal mine in Indiana County in this State, he received injuries in an accident, as a result of which he died on November 3, 1920. He came to this country with the consent of his wife who did not accompany him. Her compensation claim was disallowed by the referee on the conclusion that she was not dependent. On appeal to the Compensation Board, additional testimony was taken and a rehearing had, after which an award was made by the Board in favor of the claimant. An appeal to the Court of Common Pleas followed where the finding of the Board was reversed; the court being of the opinion that the petitioner had failed to establish a situation of dependency. The only question for consideration therefore is whether the record exhibits any evidence or admits any reasonable inferences from that taken that she was actually dependent on her husband for support. If there be any evidence on which the conclusion of the Board may rest, that is the end of the controversy, as the only subject brought up on appeal is one of law. It is not important therefore that in the judgment of the appellate tribunal the weight of the evidence is against the claim, for that court is in no sense the trier of the facts involved, nor authorized to disregard the evidence of unimpeached witnesses which

is not of such a contradictory and improbable character as to require its exclusion from consideration by the Board having exclusive jurisdiction to weigh the whole evidence and the inferences which may be fairly deducible therefrom. Nor is it necessary that the claimant make it appear that she was wholly dependent on her husband for support. The statute does not so require. It is sufficient that partial support was given. The fact that the claimant engaged in labor and thereby contributed to her own support with the husband's consent or knowledge does not put her out of the class intended to be benefitted by the statutory regulations relating to compensation, nor is the claimant required to reduce her usual living expenses to relieve her husband from his obligation to support her. While the legal obligation of the husband to support his wife is not sufficient to raise an implication of actual dependency, it may be considered as throwing light on the conduct of the employee with respect to maintenance. What then does the evidence disclose on the subject of dependency? The claimant testified that she was dependent on her husband; that he sent money to her at different times while he was at work in this country; that she had partial support on two acres of land and two small houses. She is corroborated as to money contributions in 1914 and in 1919, and at a later date with respect to some clothing sent to her, by an acquaintance, Stanko Micic, who was returning from the United States to what was then Jugo Slavia. This witness stated that Bobic gave him money to take to the claimant, but he refused to carry it stating that he sent his own money home through the post. In ascertaining the situation of the claimant, it is important to take into account the condition of affairs in the country in which she lived. A war was in progress for four years which obstructed the channels of intercourse and made communication impracticable between this

country and Austria-Hungary. It could not be expected therefore that the claimant could produce evidence of communications passing between her and her husband during that period, nor was it practicable to transmit money. There is competent evidence that shortly before the war broke out, the husband had sent money to his wife, and that soon after the cessation of hostilities an acquaintance going from this country to the homeland took some money from this employee to his wife, and that another acquaintance, between that time and the date of the accident to the employee, was asked to take money to her when returning to Europe, but that he refused so to do on account of the risk involved. This conduct on the part of the husband indicates his recognition of his legal responsibility and of the wife's necessities. The evidence is not contradicted and no impeachment of it was attempted. It is evidence of like character of that which has been credited in other cases in which awards have been sustained. The trial court was of the opinion that the dependency required by the act was "substantial support not moiety of help" and that the separation "persisted in for the last six or seven years amounted to a repudiation of the husband's obligation of support and was acquiesced in by his wife." Emphasis is placed on the fact that the claimant had supported herself on what was called in the deposition "her estate" which consisted of, as has been stated, two acres of land, two small houses and a cow. We do not find any authority for the conclusion that the support by the husband must have been the principal or substantial support, and when regard is had to the condition of Europe during and for a considerable time after the war, no inference should be drawn prejudicial to the claimant, because of the fact that she did not have frequent communication from her husband between the summer of 1914 and the time when he was injured. The disruptions of the war continued for many months after

the cessation of hostilities, and it is a necessary conclusion that during the whole period of the war communication was interrupted. There is evidence however apparently trustworthy that in the early part of 1920, the employee sent, and endeavored to send, clothing and money to the claimant. We are unable to agree with the court below that the separation persisted in for six or seven years prior to the husband's death amounted to a repudiation of his obligation to support and that was acquiesced in by his wife. We fail to find evidence of the husband's persistence in his absence from his wife contrary to opposing motives. He was here, so far as the testimony discloses, to improve his condition, not because he desired to be away from his family. It was said in Creasy v. Phoenix Utilities Co., 276 Pa. 583, that "the criterion in cases of this character, consequently must be whether or not a wife living apart from her husband and dependent upon him, but not actually receiving support from him, has acquiesced in his action under circumstances amounting to a repudiation by him of a legal obligation to support his family." There can be little doubt, under the evidence, of the motive which induced Bobic to come to this country. Many thousands of his countrymen were likeminded. This to them was the land of opportunity, and the betterment which he sought would be shared in by his wife. If an inference is to be drawn that the separation of the parties and their infrequent communications pointed to a repudiation of the husband's responsibility to support in which the claimant acquiesced, that we think is an inference of fact and not a conclusion of law. The decisions in Creasy v. Phoenix Utilities Co., supra; Morris v. Yough Coal and Supply Co., 266 Pa. 216; Geytko v. P. & E. Coal Co., 88 Pa. Superior Ct. 522, and Paraskaiewa Sznitko v. Maher and Graff Coal Co., 119 April T., 1928, Pa. Superior Ct. in which an opinion has this day been handed down, are authorities in

support of the decision of the Compensation Board. Their decision is based on competent evidence, and the inferences therefrom which are conclusive as to the facts under the statute. That being the case, the real contention of the appellee is not a question of law, but one of fact.

The judgment is reversed and the award of the Compensation Board is reinstated.