Mayfield *v.* Kerr, Appellant.

Argued April 16, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Richard W. Greer,* and with him *John C. Sherriff* and *Paul E. Hutchinson* of *Sheriff, Lindsay, Weis and Hutchinson,* and *Thomas & Thomas,* for appellants.

*J. Perry Eckels,* and with him *Charles B. Stegner,* for appellees.

OPINION BY BALDRIGE, J., July 8, 1931:

These appeals by an employer and an insurance carrier from a judgment confirming compensation award raise the single question, whether the deceased stood in loco parentis to the claimant's children under Section 307 of the Workmen's Compensation Act of June 26, 1919, P. L. 642.

The claimant filed a petition for her six children to recover compensation for the death of Rudolph Banks, an uncle of the children, on whom, it is averred, they were dependent within the meaning of the Workmen's Compensation Act. Several years prior to the decedent's death, the claimant and her six children were deserted by their respective husband and father. A few months thereafter she was invited to come with her children to live with her mother and two brothers, Rudolph Banks, the deceased, and Lewis Banks. The referee found that although Lewis contributed to the expenses of the household, the deceased furnished the principal support and assumed responsibilities of a parent.

The appellants contend that there was no competent testimony under the Workmen's Compensation Act to support the finding that the deceased assumed custody, control, and expense of maintaining the claimant's children, and that, as a matter of law, he did not stand in loco parentis to them.

The entire record is before us but we are not to weigh conflicting evidence or pass on the credibility of witnesses as this court is not the trier of facts. Those are matters for a referee's consideration: Gordon v. Bamford Milling Co., 86 Pa. Superior Ct. 324. Our supervisory powers are limited to examining the evidence and to determining whether it supports the findings and whether the law has been properly applied thereto: Callihan v. Montgomery, 272 Pa. 56; Soule v. McHenry, 286 Pa. 49; Anderson v. Baxter, 285 Pa. 443.

The record shows that after the husband had deserted the claimant, the deceased asked her to come to live at their home, the family consisting at that time of his mother, brother and himself. After the mother's death, which occurred a week prior to the death of the brother, Rudolph agreed ''he would take care of the house as he did if I would only stay there and keep up the home for him.'' A witness, who stated he was a very good friend of the family and who knew the deceased all his life, testified that the deceased was the man who supported or helped to support the claimant and her children; that although Lewis, the other brother, assisted, he was a young man and only able to work half the time. Mary Behr, who owned the house testified on direct examination, with objection, that although she leased the house to the mother, she was without financial ability and Rudolph paid the rent; ''he was the main support in that home.'' While the dependency must be actual, it is not neces-

ary that the contribution of the deceased was exclusive: Sznitko v. Maher & Graff Coal Co., 93 Pa. Superior Ct. 463, 466. The fact that someone else was contributing a small amount toward the maintenance of the children would not defeat the claim of dependency: Savic v. Pgh. Gas Coal Co., 93 Pa. Superior Ct. 494, 497. If the finding of dependency is based on any evidence, or on an inference fairly deducible therefrom, the award must be sustained. "No rigid rule can be laid down concerning the amount or character of evidence necessary to show actual dependency, but each case must be controlled by its own circumstances:" Faucett v. P. R. T. Co., 89 Pa. Superior Ct. 449.

Disregarding the hearsay evidence, we are of the opinion that there was sufficient competent evidence for the referee to hold that the claimant's children were members of the deceased's household and that he stood in loco parentis to them, as provided by the Act of 1919, supra.

The assignments of error are overruled and judgment of the lower court in each appeal is affirmed.