Conroy v. Loew's Inc., Appellant.

524

Argued April 29, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*Harold E. McCamey* of *Dickie, Robinson & Mc-Camey,* for appellant.

*Mead J. Mulvihill,* for appellee.

OPINION BY BALDRIGE, J., July 8, 1931:

Richard C. Conroy, a seventeen-year-old boy, sustained injuries on February 19, 1928, in the course of his employment, resulting in his death the same day. The claim for compensation was allowed by the referee, approved by the Workmen's Compensation Board, and was sustained on appeal by the court of common pleas.

At the time of the death of the minor, the family of the claimant consisted of himself, his daughter and three sons in addition to the deceased. The members of the family lived in a rented home, for which they paid $85 per month. All of the boys and the claimant contributed their earnings to a common fund controlled by the daughter and from which the living expenses were paid. The deceased was employed as an usher in a theatre at an average wage of $6.75 per week, which he gave to the claimant, who returned to his son from one to three dollars per week for his expenses. The referee found as a fact "that he (the deceased) contributed regularly toward the support of the father and upkeep of the home and family and that this support was needed and relied upon by the claimant, and that as a matter of fact the claimant was actually dependent to some extent upon the deceased for support at the time of his death, though not totally dependent." The total contributions to this common fund from all sources for the year preceding the death of the minor were $3,485 and the total living expenses were approximately $3,328.50.

The question arises whether or not there was competent evidence to support the finding of the referee that the claimant was partially dependent upon his minor son. Section 307 of the Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of April 13, 1927, P. L. 186, provides: "If there be neither widow, widower, nor children entitled to compensation

then to the father or mother, if dependent to any extent upon the employe at the time of the accident, twenty per centum of wages but not in excess of five dollars per week: Provided, however, That in the case of a minor child who has been contributing to his parents, the dependency of said parents shall be presumed, and: Provided further, That, if the father or mother was totally dependent upon the deceased employee at the time of the accident, the compensation payable to such father or mother shall be forty-five per centum of wages but not in excess of ten dollars per week.''

It is true that the term ''dependency'' contemplates actual dependency, but actual dependency does not mean sole and exclusive support; partial support is within its purview. The act very definitely states ''if dependent to any extent.'' If the contributions made by deceased were required to meet the ordinary necessities of life for a person in the position in life of the claimant, who was employed as a street car conductor, the requirements of the statute were met. Morris v. Yough Coal & Supply Co., 266 Pa. 216, is a case involving the question whether a wife living apart from her husband was dependent when it was shown that she was remuneratively employed with his consent and that he contributed sums of money at various times for her support, although the total contributions were not sufficient to support her entirely. In the course of the opinion Mr. Justice Kephart said, ''If the finding of dependency is based on any evidence or on an inference fairly deducible therefrom, the award must be sustained though we might differ from the conclusion thus reached. We cannot substitute our judgment for that of the referee or the board, as the compensation act has delegated to them the exclusive function of determining these facts. An appellate court will not review such conclusion.'' See also Callihan v. Montgomery, 272 Pa. 56; Corcoran v.

Penna. Coal Co., 76 Pa. Superior Ct. 325; Faucett v. P. R. T., 89 Pa. Superior Ct. 449. The statute expressly provides "that in the case of a minor child who has been contributing to his parents, the dependency of said parents shall be presumed." The testimony clearly shows that the deceased actually did contribute weekly to his father.

The case at bar differs from that of Washco v. Wyoming Seminary, 88 Pa. Superior Ct. 470, cited by appellant, in which compensation was disallowed. There the claimant's son was employed to take care of the furnace at the school which he attended, in consideration of which he received free tuition, board and lodging. No evidence was offered that the claimant's son ever contributed to the support of his parent; on the other hand, the positive proof was that the claimant paid $640 the preceding year for the son's tuition, board and lodging at the seminary.

Under the express terms of the act, dependency, in the case of a minor who has been contributing to his parents, is presumed. This presumption was not overcome. On the contrary, the testimony conclusively shows, as we have already stated, that the deceased paid his wages to his father, which clearly brings the claimant within the benefits of the statute.

Judgment is affirmed.