Holsapfel v. Great Lakes Stages, Inc., Appellant.

Argued April 20, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Harry J. Nesbit,* and with him *William J. Moffatt,* for appellant.

*Robert L. Wallace,* for appellees.

OPINION BY KELLER, J., July 14, 1932:

The question raised by this appeal is whether the claimants, who are the mother and father of the de-

ceased employee, Frank Holsapfel, were partially dependent upon him at the time of his death by accident, on January 29, 1930. The referee and board found that they were. On appeal to the common pleas the court determined that there was evidence to sustain the findings and entered judgment for the amount of the award.

The claimants lived in their own home, which was free of debt and worth $2200. The father is employed by the Pennsylvania Railroad Company as a crossing flagman or watchman. At the time of his son's death he was getting $90 a month. Since then his wages have been reduced to $80 a month.

The mother's father, Carl Hoftman or Huffman, lives with the claimants and has done so for many years. In 1916, when the deceased employee was eleven years old, Hoftman sold his property, and later, under some arrangement with the claimants, he used this money, or what was then left of it, to assist Frank in his higher education, beginning when the latter was nineteen years old. By the time the boy's education was completed the grandfather's money was all gone, and he was being supported by the claimants as a member of their family. He was eighty-six years old in 1930.

The deceased employee, in recognition of the agreement made by his parents relative to the grandfather's support, and of his own moral obligation in the matter, has been paying to his parents, since he has been self-supporting and earning money, $25 a month for the support of his grandfather. This money was not segregated but has been used for the common support of the family, including the grandfather, and was necessary in order to support and maintain the family as they were then living.

The expenses of living of the father, mother and grandfather were listed by the mother at $1388 a year,

while the income from the father's wages was then $1080—since reduced to $960.

In addition, a younger son was going to college. He was graduated in June, 1930. Frank Holsapfel was contributing monthly to the expenses of his brother at college, from $15 to $25, the latter earning the balance by his own exertions.

There was a primary duty on the claimants to support the aged grandfather, who was without money and unable to work, and we think the contribution, ostensibly for his support, but actually used and necessary for the upkeep of the family and the balancing of the family expenses, constituted a partial dependency within the Workmen's Compensation Law and the decisions of the Supreme Court and this Court. See Morris v. Yough Coal & Supply Co., 266 Pa. 216; Shimkus v. P. & R. C. & I. Co., 280 Pa. 88; Faucett v. Phila. R. T. Co., 89 Pa. Superior Ct. 449; Conroy v. Loew's, 102 Pa. Superior Ct. 523.

The assignments of error are overruled and the judgment is affirmed.