## Ferretti et al. v. Hodin et al.

*H. R. Van Deusen*, for claimants.

*Alex Marcus*, for defendant.

*A. J. Zawoiski*, for insurance carrier.

EAGEN, J., May 15, 1947.—Sanford Harrison, aged 15 years, was accidentally killed on July 9, 1938, while in the employ of the Giant Markets. Prior to the fatal accident, he lived with his mother, the claimant and a younger brother and sister. His mother remarried on August 6, 1938.

Compensation was sought in this case on behalf of the mother and the brother and sister. The referee and the board found that from moneys earned at odd jobs decedent contributed to the family budget an average of $26 a month. They concluded that at the time of the accident the mother was partially dependent upon decedent but no dependency existed as to the other two members of the family. A weekly allowance was made to the mother but it was ordered terminated as of the date of her remarriage.

Prior to the Act of June 26, 1919, P. L. 642, the remarriage of a dependent mother did not affect her right to compensation. However, in that year the following amendment was enacted and later reënacted by the Act of June 4, 1937, P. L. 1552, and the Act of June 21, 1939, P. L. 520, 77 PS §562:

"*Should any dependent* of a deceased employe die or *remarry*, or should the widower become capable of self-support, the right of such dependent or widower to compensation under this section shall cease: Provided, however, that upon marriage of any widow, other than a nonresident alien widow, the compensation of such widow shall continue as hereinbefore provided for two

years from the date of such remarriage." (Italics supplied)

While no interpretation of this statute in the appellate courts is available, the compensation board has consistently ruled that the remarriage bars the right to further compensation: Kotchin v. Hillman Coal Company, 19 W. C. B. 27. All authorities seem to agree that this is so: 1 Skinner's Workmen's Compensation Law, 578.

Claimant's counsel earnestly argues that such a rule is unwise and points to the harshness of the result due to its application in this case. We are inclined to agree, but unfortunately, it is not our province to legislate or change existing laws.

It is argued that the board erred in failing to find any dependency on the part of the younger brother and sister. We see no merit in this contention. In the case of a minor child who has been contributing to his parents, dependency is presumed: Conroy v. Loew's, Inc., 102 Pa. Superior Ct. 523. Children are considered dependent regardless of residence with parent or contributions of support by the parent: Morris et al. v. Glen Alden Coal Co., 136 Pa. Superior Ct. 132. However, brothers and sisters are entitled to an award of compensation only if actually dependent and the fact of dependency must be proved: Section 307(6) of act, and Skinner's W. C. Law, vol. 1, p. 581. We agree with the board that the alleged dependency was not established.

While the only matter before us is the appeal of claimant from the board's order some discussion ensued concerning the allowance of compensation in double an amount of that normally recovered. Section 320 of the act as amended by the Act of June 4, 1937, P. L. 1552, 77 PS §672, provides that if the employe at the time of the accident is a minor, and is employed in violation of the labor laws of the Commonwealth in re-

gard to the employment of minors, the compensation allowable shall be doubled and the additional compensation shall be paid personally by the employer. This was held to be an unreasonable provision and unconstitutional in Rudy v. McCloskey & Co., 152 Pa. Superior Ct. 101, affirmed 348 Pa. 401. The Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520 (not involved herein) reduced the additional compensation to 10 percent of the normal. This has been upheld: Fritsch et al. v. Penna. Golf Club, 355 Pa. 384. The board in this case found that the minor was illegally employed and ordered compensation paid in double the amount normally recoverable. The employer did not appeal.

Therefore, May 15, 1947, the appeal of claimant is dismissed. Judgment is directed to be entered in favor of claimant and against the respective defendants in the amount directed to be paid by the board, plus interest thereon.