# Corcoran, Appellant, *v.* Pennsylvania Coal Co.

*Workmen's Compensation Law—Claim of parents of deceased employee—Dependency—Actual dependency—Evidence.*

In a claim under the Workmen's Compensation Law by the parents against the employer of a deceased minor, it must be affirmatively established that the claimants were actually dependent on the decedent.

The term dependency contemplates actual dependency, and must affirmatively appear in the record as a fact. The question is whether the contributions of the son were needed to provide the claimants with some of the ordinary necessities of life suitable for persons in their class and position. The statute was designed to provide compensation; that is, the making good of the loss of support. Where such loss did not exist, compensation does not accrue.

Argued March 7, 1921. Appeal, No. 23, March T., 1921, by plaintiffs, from judgment of C. P. Luzerne County, Oct. T., 1920, No. 391, affirming decision of Workmen's Compensation Board in the case of Andrew

Corcoran and Mary Corcoran v. Pennsylvania Coal Company.   Before ORLADY, P. J., PORTER, HENDERSON, TREX-LER, KELLER and LINN, JJ.   Affirmed.

Appeal from decision of Workmen's Compensation Board disallowing compensation.   Before FULLER, P. J.

The facts are stated in the opinion of the Superior Court.

The court sustained the award.   Plaintiff's appealed.

*Error assigned* was the decree of the court.

*W. L. Page,* for appellants, cited: Jukowsky v. Phila. & Reading C. & I. Co., 48 Pa. County Court Reports 524; Parlovich v. C. & I. Co., 16 Schuylkill Legal Record 125; Laukhuff's Est., 39 Pa. Superior Ct. 117, 119; Kiercok v. Phila. Coal & Iron Co., 29 Pa. District Reports 1045; Smith v. Scranton Coal Co., Vol. 4 Workmen's Compensation Board Decisions 141; Hennessey v. United Stove Rep. Co., 68 Pa. Superior Ct. 553.

*H. J. Connolly,* for appellee, cited: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; Karpati v. Cambria Steel Co., 70 Pa. Superior Ct. 202; Morris v. Yough Coal & Supply Co., 266 Pa. 216.

OPINION BY HENDERSON, J., April 18, 1921:

The claim of the appellants for compensation, based on their dependency on a minor son who was killed by accident, was disallowed by the referee for the reason that such dependency did not exist.   This finding was approved by the compensation board from whose decision an appeal was taken to the court of common pleas where the finding of the referee, approved by the board, was affirmed.   The appeal allowed to the court of common pleas under section 427 of the Act of June 26, 1919, P. L. 642, amending the Act of June 2, 1915, P. L. 736, is "on matters of law," and the only question of law presented

was whether there is evidence to support the conclusion of the referee and the finding of the compensation board. The evidence related to the income of the parents and the cost of maintaining the household. A careful examination of it leads us to the conclusion arrived at by the court below. The examination of Mrs. Corcoran, whose testimony was necessary to sustain the claim, discloses sufficient indefiniteness and in some instances such a generality of statement as to leave room for the conclusions of the referee. It is not shown that the appellants received all of the wages of their son, nor does it appear what amount was applied to his own uses. That the cost of maintenance of the family was duplicated in some instances is admitted and the dependency was evidently not established to the satisfaction of the referee or the board of compensation. It was said in Morris v. Yough Coal & Supply Company, 266 Pa. 220, that "the term dependency in the statute contemplates actual dependency, and must affirmatively appear in the record as a fact." The question is whether the contributions of the son were needed to provide the claimants with some of the ordinary necessities of life suitable for persons in their class and position. The statute was designed to provide compensation; that is, the making good of the loss of support. Where such loss did not exist compensation does not accrue. The responsibility of weighing the evidence is cast on the referee and the compensation board. Where the evidence will support a decision arrived at on the facts, the question of law presented on the appeal should be decided in support of such decision. We are not convinced that there was an error of law in the proceeding.

The judgment is affirmed.