## Todd et ux. *v.* Lehigh Valley Coal Co., Appellant.

Argued May 27, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Daniel W. Kaercher,* for appellant.

*Roger J. Dever,* for appellee.

PER CURIAM, July 1, 1929:

The only question before us in the present case is whether or not there was "competent evidence to support an award of compensation on a claim of depend-

ency by the parents of a deceased employee." We affirm the judgment of the court below on the following excerpts from its opinion: "The referee awarded compensation ...... to ...... the parents of John Todd, who sustained accidental injuries while in the course of his employment on February 3, 1928, which resulted in his death on the same day. The award was affirmed by the ...... board and ...... defendant ...... appealed to [the] court [below, filing] four exceptions, [all raising] the single question whether there [was] ...... legal, competent evidence to sustain the referee's finding of fact, affirmed by the board, that the claimants were totally dependent upon the deceased employee at the time of the accident. This case is governed by section 307 (5) of the Workmen's Compensation Act of 1915 (P. L. 736, 744) as amended by section 2 of the Act of Assembly approved April 13, 1927, P. L. 186, 191, which provides: 'If there be neither widow, widower, nor children entitled to compensation, then to the father or mother, if dependent to any extent upon the employee at the time of the accident, twenty-five per centum of wages, but not in excess of five dollars per week: Provided, however, That in the case of a minor child who had been contributing to his parents, the dependency of said parents shall be presumed, and: Provided, further, That, if the father or mother was totally dependent upon the deceased employee at the time of the accident, the compensation payable to such father or mother shall be forty-five per centum of wages, but not in excess of ten dollars per week.' The deceased employee was not a minor and the case does not rest upon any presumption; hence the burden was on claimants to show affirmatively that they were dependent upon the deceased employee at the time of the accident...... Dependency is a question of fact to be determined by the referee and the compensation board: Hallman v. Starr Printing Co., 70 Pa. Superior Ct. 562, 564. 'If the finding of dependency is based on any evidence or on an inference fairly deduci-

ble therefrom, the award must be sustained though we might differ from the conclusion thus reached. We cannot substitute our judgment for that of the referee or the board as the compensation act has delegated to them the exclusive function of determining these facts': Morris v. Yough Coal & Supply Co., 266 Pa. 216, 219. It follows that the only question of law involved in this appeal is whether there was any evidence to sustain the finding of total dependency: Faucett v. Philadelphia Rapid Transit Company, 89 Pa. Superior Ct. 449, 451-2. If the record contains evidence to show that the claimants were totally dependent on their son at the time of the accident, the award must be sustained......: Gailey v. State Workmen's Insurance Fund, 286 Pa. 311, 317."

We agree with the court below that evidence to support the finding in question appears on the record.

The judgment is affirmed.