Zedalis et ux. *v.* Jeddo-Highland Coal Co.,
Appellant.

Argued March 5, 1934.

Before TREXLER, P. J., KELLER, CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*John H. Bigelow,* for appellant.

*Roger J. Dever,* for appellee.

Opinion by Keller, J., April 16, 1934:

Joseph Zedalis, an employee of the Jeddo-Highland Coal Co. was killed on November 25, 1929, by an accident while in the course of his employment. He was at the time of his death twenty-three years old, unmarried, living with his parents, the claimants, to whom he gave all his earnings, averaging $31.75 per week. The sole question raised by this appeal is whether there is any evidence in the record to sustain the finding of the referee, approved by the board, that his parents were partially dependent on his earnings. If there is, we must sustain the award: Morris v. Yough Coal & Supply Co., 266 Pa. 216, 219, 109 A. 914. While the dependency must be actual, and there is no *presumption* of dependency,—as in the case of a minor child contributing to his parents, (Sec. 307, clause 5 of the Workmen's Compensation Act, as amended by Act of June 26, 1919, P. L. 642, p. 648),— yet it need not be 'dependency to a great or considerable degree'—"dependent to any extent upon the employee at the time of the accident," is the language of the statute. In other words, "were the contributions of the son needed to provide the claimants with *some* of the ordinary *necessaries* of life *suitable for persons in their class and position?"*: Morris v. Yough Coal & Supply Co., supra, p. 220. The word 'necessaries' has no hard and fast meaning. It varies with the accustomed manner of living of the claimants.

In the present case the claimant lived in a home which belonged to them, which they had bought in 1925 for $8,000 paying $2,000 cash and giving a mortgage for $6,000. In the four years which intervened between the purchase of the house and the death of the son, the mortgage had been reduced to $1,600, or an average of $1,100 a year. The evidence does not show how much of this reduction on the mortgage was

made while the son was a minor and claimants were *entitled* to all his wages. The father, George Zedalis, was a miner, also employed by the defendant coal company, and earned an average of $239.26 a month for the twenty-two months prior to November 1, 1929, A daughter, seventeen years old, was attending business school at Hazleton. Another daughter, nineteen years old, was at a nurses' training school at Philadelphia. The actual living expenses of the home, including taxes on the real estate and interest on the mortgage, but not counting the expenses of the two daughters at school, ($68 per month, exclusive of clothing), were $242.50 per month, or more than the father's earnings. The budget contained no item for repairs to the home, which constitute an almost certain item of expense to every house owner. Since her brother's death the younger sister has had to stop going to business school. We regard taxes, repairs and interest on mortgage as necessary items of expense for one who owns his home; they take the place of the rent paid by a tenant. And a father who earns the wages George Zedalis did, and does, may reasonably be expected to give his minor daughters such educational training as will equip them to earn their own living; and an older brother may properly be called on to help to do so, as a part of the family upkeep. We think the evidence in the case is sufficient to support the finding of the referee and the board that the deceased employee's earnings were needed to provide the claimants with some of the ordinary necessaries of life suitable for persons in their class and position, and that claimants were, in consequence, dependent to some extent upon him at the time of the accident causing his death, within the intendment of the Workmen's Compensation Law. The ruling is in accord with our decisions in Franey v. Glen Alden Coal Co., 105 Pa. Superior Ct. 448, 161 A. 433; Holsapfel v. Great Lakes Stages, 105 Pa. Su-

perior Ct. 410, 161 A. 449; Faucett v. Phila. R. T. Co., 89 Pa. Superior Ct. 449; Conroy v. Loew's Inc., 102 Pa. Superior Ct. 523, 157 A. 495; Dunbar v. Jacobson, 106 Pa. Superior Ct. 95, 161 A. 431; as well as those of the Supreme Court. See Todd v. Lehigh Valley Coal Co., 297 Pa. 302, 146 A. 893; Shimkus v. Phila. & Reading C. & I. Co., 280 Pa. 88, 124 A. 335. The five dollars a week which claimants will get under this award is a poor *pecuniary* substitute for the money they received from their son's wages, and will not supply the 'necessaries' he contributed to them.

The present case differs from Schedzick v. Volney Paper Co., 193 App. Div. (N. Y.) 551, relied upon by appellant, in that in that case all the money received from the deceased son was used for payments on the house; none of it was applied to the living expenses of the family.

The judgment is affirmed.