Ackerson et ux. *v.* Clair R. Quereau, Inc. et al., Appellants.

Argued March 15, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*George F. Blewett,* and with him *Robert P. F. Maxwell,* for appellants.

*Carl E. Geuther,* for appellee.

OPINION BY KELLER, J., April 16, 1934:

This is a claim for compensation made by the father and mother of an adult son, twenty-two years and two months old, who was killed October 3, 1931, by an accident while in the course of his employment with the defendant, Clair R. Quereau, Inc. They averred, in their claim, that they were dependent to some extent on the wages of their son at the time of the accident. The referee, and, on appeal, the board found that claimants were dependent to some extent on the son's wages and made an award accordingly. Our duty,— the same as that of the court below,—is only to determine if there is any evidence in the record to support the finding. If there is, we must affirm: Morris v. Yough Coal & Supply Co., 266 Pa. 216, 109 A. 914.

The evidence of dependency is not as full or explicit as it might be; but the appellants are, to some extent, responsible for that, as well as the appellees. The

testimony on behalf of the claimants was that the father earned $150 a month as a carpenter; that the son, now deceased, was unmarried and lived with them; that when he was employed he turned over to his mother, who managed the family finances, most of his wages, getting from her his spending money, as he asked for it. When so employed he paid ten dollars a week board, which was used in the maintenance of the home, and he frequently contributed more, which was used for the general needs of the family and was "figured into" the family budget. All of the money received by him from this defendant as wages had been thus turned over to his mother for family use. The claimants lived in their own home, which they purchased in 1925 at a cost of $4,500, against which there are mortgages of $3,800,—a first mortgage of $1,900, and a second, a building and loan association mortgage, of like amount, on which they pay $19.50 monthly. The defendants, if not satisfied with the foregoing evidence, might have required the claimants to testify in more detail as to the items constituting the family budget, or gone at more length into the family expenses for which the son's wages were used. The taxes, insurance, repairs and mortgage interest on the house were proper items of family expense, and contributions by the son which were needed for these purposes were contributions to the ordinary "necessaries" of the claimants: Zedalis v. Jeddo-Highland Coal Co., 113 Pa. Superior Ct. 49.

On a review of the whole record we cannot say that there is no evidence to support the award, and the judgment is accordingly affirmed.