Kelly et ux. *v.* Hudson Coal Company, Appellant.

Argued March 5, 1935.

Before KELLER,
P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER,
JAMES and RHODES, JJ.

*Rudolph S. Houck,* with him *John P. Kelly* and *Thomas L. Ennis,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY CUNNINGHAM, J., July 18, 1935:

On January 6, 1932, Hoodless R. Kelly, Jr., the minor and unmarried son of claimants, while in the course of his employment with the appellant company, was accidentally and fatally injured. He lived wth his parents, who have no other children, earned wages in excess of $25 a week, and contributed all his earnings to the support of the family.

The sole question with which we are concerned upon this appeal by the employer from the judgment of the court below, entered upon an award of compensation to the parents, is whether there was competent evidence to support the conclusion of the referee and board that the presumption of dependency in favor of parents to whom a minor child has been contributing has not been overthrown in this case. That presumption is created by the provisions of Sec. 307 (5) of our amendatory Workmen's Compensation Law of June 26, 1919, P. L. 642, 648, as amended by the Act of April 13, 1927, P. L. 186, 191, and reenacted in the Act of April 26, 1929, P. L. 829, 831, which, so far as applicable, reads: "If there be neither widow, ...... nor children ...... then to the father or mother, if dependent to any extent upon the employe at the time of the accident, twenty-five per centum of wages, but not in excess of five dollars per week: *Provided, however, That in the case of a minor child who has been contributing to his parents, the dependency of said parents shall be presumed, ......*" (Italics supplied)

Dependency is a question of fact and the statutory presumption in favor of these claimants is rebuttable. Such presumptions are not evidence; they are not "fact suppliers," but merely "guide-posts indicating whence proof must come": Watkins v. Prudential Ins. Co., 315 Pa. 497, 173 A. 644; Walters v. Western and Southern Life Ins. Co., 318 Pa. 382, 178 A. 499.

Whether or not the presumption was overthrown in this case was an inference of fact to be drawn by the compensation authorities as the triers of the facts. If a finding of dependency is based upon competent evidence, or upon an inference fairly deducible therefrom, the award must be sustained, although, upon an independent consideration of the evidence, we might have reached a different conclusion: Morris v. Yough Coal and Supply Co., 266 Pa. 216, 109 A. 914; Conroy v. Loew's Inc., 102 Pa. Superior Ct. 523, 157 A. 495. The referee and board upon consideration of the testimony found that "claimants were partially dependent upon their son at the time of his death," and awarded them compensation at the rate of $5 a week for three hundred weeks.

The testimony upon the record is accurately summarized in the following paragraph from the opinion of VALENTINE, J., supporting the judgment: "Decedent's father and mother are respectively forty-five and forty-three years of age. The father's earnings averaged $155.51 per month. The son contributed his earnings toward the maintenance of the home. The father was indebted in the sum of $281.40 which represented the balance of an indebtedness of $500 contracted in 1927, during a period when he was unemployed. The father's work was located about four miles from his home. He travelled to and from work in an automobile on which the monthly payments amounted to $33. The expenditures of the family, under the testimony of the father, for groceries, meat, rent, light, insurance, coal,

church and union dues amounted to approximately the sum of $145 per month. If there be added to this sum a reasonable amount for clothing and other incidental household expenses such as medicine and doctor's bills, the earnings of the father would be more than exhausted."

Counsel for appellant contend earnestly and ably that, as it was shown that the father's wages were equal to the average earnings of contract miners in the upper anthracite field, it should not have been necessary for decedent to contribute his earnings in order that the family might have the usual necessities of life suitable to their class and position. In other words, the contention is that claimants have not suffered a loss of such income as is necessary to enable them to live in a manner befitting persons of their class.

It is not controverted that the father is earning average wages, but the fact remains that the decedent contributed all he earned to the support of the family and his father and mother relied, to a considerable extent, upon his contributions. Obviously, there can be no hard and fast rule by which to determine what are "necessaries"; each case must depend upon its own facts. There is no evidence here that claimants indulged in luxuries or lived in a manner inconsistent with their position in life. We agree with counsel for appellant that the balance of an old debt, referred to by the court below, is not the kind of a recurring budgetary item which should be considered.

The case as a whole was peculiarly one for determination by the compensation authorities and might reasonably have been decided either way by them. Neither the common pleas nor this court may usurp their exclusive functions. We agree with the statement of the court below that a reading of the entire testimony leads to the conclusion that the finding of partial dependency "is not without evidence to support it."

Judgment affirmed.