## Cardone *v.* Jennings, Appellant.

Argued October 5, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER and RHODES, JJ.

*Leo W. White,* with him *Jarrett W. Jennings,* for appellant.

320

*Charles J. Bufalino,* for appellee.

OPINION BY BALDRIGE, J., November 22, 1938:

The sole question involved in this appeal is whether there was sufficient legally competent evidence to sustain an award of compensation for total dependency.

Dominick Cardone, 19 years old, was killed in the course of his employment by a slide of coal. His widowed mother, 58 years of age, filed a claim petition, alleging that she was totally dependent on the deceased at the time of his death.

The testimony shows that on February 4, 1936, the date of deceased's death, and for some time prior thereto, the family household, in addition to Dominick and his mother, consisted of two unmarried sisters, Teresa, aged 23, and Josephine, aged 20, a married brother, Michael, whose wife was confined to a mental hospital, and his two small children, a boy 8, and a girl 6. The claimant had a lodger who paid her $10 a month except for a few months when he was away or unemployed. Michael maintained himself and one of his children, without expense to the claimant, but could contribute nothing to her owing to his inability to get work. The girls were employed in a factory and each made from $4 to $5 a week. They gave no financial assistance to their mother as all their wages were devoted to clothing themselves and meeting other necessary expenses.

The family lived in a two-story, six-room frame dwelling house acquired by the claimant under the will of her deceased husband, the value of which was estimated at $3,000. It was encumbered with a mortgage, dated August 20, 1925, given to secure payment of the purchase price of a property bought by Domenico Biscotti and Helen, his wife, and daughter of the claimant. The claimant's home was included therein as additional security. The original amount of this blanket mortgage was $2,700, which had been reduced to $1,970 by payments made by the Biscottis.

The deceased gave all his earnings to his mother and she, in turn, provided him with a small amount of pocket money. The referee found that the claimant was only partially dependent upon the weekly wages of her deceased son, fixed by him at $17.91, and awarded compensation on that basis. Upon an appeal taken to the board, the referee's findings were modified and his conclusions of law set aside. The board substituted its own finding of total dependency, and made an award accordingly, which action was sustained by the court of common pleas. This appeal followed.

The appellant concedes his liability for partial dependency only. He argues that, under the testimony of claimant, her monthly expenses amounted to $135.81 per month, and, as her deceased son's wages were only $17.91 per week, it follows that she must have had some other source of income to meet her bills, as they were kept paid. The claimant, who is unable to speak the English language and is evidently illiterate, testified also that she spent but $45 to $55 per month. Whatever amount was required to maintain this family, a portion thereof was used in the feeding of Michael and his children. It could be inferred that he paid part of that expense. Apparently he had some money saved or a small income to pay for clothing, etc., as his mother did not furnish him with money for those purposes. The $10 per month received from the lodger could not be regarded as a source of income to supply claimant with food and clothing, as the taxes, insurance, water and light bills would about absorb that sum.

We cannot say, in such circumstances, that the competent testimony was insufficient to support the conclusions reached by the board. The testimony reveals a family, frugally maintained by a mother, without any funds of her own, or ability to earn an income as she was in ill health, except from the wages earned by her son, Dominick. "Total dependency," as used by the

legislature, is equivalent to "without any other source of income or livelihood." We agree with the appellant that determining the extent of dependency is a mixed question of law as well as of fact, because it involves the legal meaning of "dependency," but, primarily, it is one of fact. When the dispute, as here, depends upon whether a mother required the wages of her minor son to supply her with the necessities of life, the findings of the compensation authorities on that question, if supported by competent evidence, are final: *Feldman v. Publishing Co. et al.*, 122 Pa. Superior Ct. 491, 186 A. 308.

This court is not a fact finding body and if there be any legally competent evidence or inference fairly deducible therefrom, it is our duty to sustain the findings of fact, even if inclined otherwise, as we cannot substitute our judgment for that of the board: *Breslin v. Susquehanna Collieries Co.*, 107 Pa. Superior Ct. 449, 163 A. 913; *Hoosca v. Lytle Coal Co.*, 129 Pa. Superior Ct. 434, 196 A. 892.

The appellant cites *Kovatch et ux. v. Durkin et al.*, 116 Pa. Superior Ct. 192, 176 A. 507, where we reduced the award for total dependency to one for partial. The facts, however, are readily distinguishable from those at bar, as the parents owned an unencumbered home assessed at $4,500. There was testimony that the wages of the deceased's son were only about one-half of the living expenses of the family, and there were other children, some of whom could have contributed, if necessary, to the support of the parents. The case of *Fawson v. Sterrick Creek Coal Co.*, 129 Pa. Superior Ct. 245, 195 A. 165, is likewise dissimilar in its facts. Neither of these cases controls the one in hand.

In the case of *Kloskowski et ux. v. Hudson Coal Co.*, 130 Pa. Superior Ct. 490, 496, 198 A. 689, we said: "We agree that a court should not lay down, as applicable to all cases, a rule that 'mere ownership' of a dwelling

house is sufficient, without evidence of its condition of repair, availability, in whole or in part, for rental purposes, market value, assessed value, and other material facts, to negative the idea of total dependency."

In view of the character of this home and the number of people it is required to accommodate, we cannot say that it is a source of income to this claimant. We do not feel warranted in disturbing the following facts found by the board: "From all the testimony and evidence produced in this case the board concludes that the claimant mother was totally dependent upon the wages of her son Dominick at the time of his death and we so find such conclusion as a fact."

Judgment is affirmed.