Tanner, Appellant, *v.* United States Steel Corporation.

Argued April 14, 1954. Before HIRT, ROSS, GUN-THER, WRIGHT, WOODSIDE and ERVIN, JJ. (RHODES, P. J., absent).

*James Craig Kuhn, Jr.*, with him *Arnold D. Wilner* and *Wilner, Wilner & Kuhn*, for appellant.

*James H. Alton*, with him *Ira R. Hill* and *Reed, Smith, Shaw & McClay*, for appellee.

OPINION BY WOODSIDE, J., August 30, 1954:

The question in this case is whether the claimant is entitled to Workmen's Compensation benefits for total dependency or partial dependency.

At the time of the accident §307, sub-section 5 of The Workmen's Compensation Act of 1915 as amended, 77 PS §561, provided that where deceased's relatives are entitled to compensation and there is no widow, children or father, then the mother, if dependent to any extent upon the employe at the time of the accident shall receive 25% of wages, but not in excess of $9 per week and if the mother was totally dependent upon the deceased employe at the time of the accident, the compensation payable to such mother shall be 45% of wages but not in excess of $16.50 per week.

In this case there was no question that the mother of deceased employe was entitled to compensation but the amount was in dispute.

The referee found the claimant totally dependent and allowed her compensation in the amount of $16.50 per week. The board, substituting its own findings and conclusions for those of the referee, found claimant only partially dependent and awarded her compensation in the amount of $9 per week. The County Court of Allegheny County in a well written opinion by President Judge LENCHER affirmed the board.

The claimant's son was killed while in the course of his employment on December 24, 1952 at the age of 23. He resided with his sister in Elizabeth, Allegheny County. His mother resided in Detroit, Michigan.

The son served in the Navy from March 1946 to December 1947, during which time he made an allotment of $45 per month to his mother. After his discharge he went to Detroit and worked at a number of different places. His mother testified that during that time he was contributing to her support, part of the time as much as $60 per week. About a year before he was killed he came to Pennsylvania and obtained employment from the defendant at its Clairton plant where he earned $65.80 per week.

The claimant lived in Detroit for 6 or 7 years prior to her son's death. During 1952 she lived there with one of her sons. Although the son and his wife were both working claimant says she had to pay board. She has five other grown children living in Detroit and three elsewhere. She also has a husband, not the father of any of her children, residing in Detroit, from whom she is separated but not divorced. She claims she can obtain no support from him or the other children.

The earning capacity of children and their legal obligation to contribute to the support of indigent parents are matters to be considered by compensation authorities in determining dependency and its extent, but an unenforceable obligation cannot be considered an available source of income. *Uber v. Bobo & Bango Coal Company et al.,* 157 Pa. Superior Ct. 412, 414, 43 A. 2d 385 (1945).

During 1952 claimant admits earning "at least" $600 or $700, although she said she was not well; had been advised by her physician she should not work; and had no regular employment. She claims the deceased was sending her $30 or $35 every two weeks while employed in Pennsylvania. The son thus sent her for her support at the rate of between $780 and

$910 per year at the time of his death while she was earning at least $600 or $700 and residing with another son during the same period.

This court said in *Kloskowski et ux. v. Hudson Coal Co.*, 130 Pa. Superior Ct. 490, 496, 198 A. 689 (1938), and quoted with approval in *Kloskowski et al. v. Hudson Coal Co.*, 144 Pa. Superior Ct. 393, 399, 19 A. 2d 519 (1941):

"We think the phrase 'totally dependent' as used by the legislature is equivalent to 'without any other source of income or livelihood.'"

The court there held, however, that the parents of the deceased were totally dependent upon the deceased even though they owned the home in which they lived free and clear of encumbrances. See also *Cardone v. Jennings*, 133 Pa. Superior Ct. 318, 2 A. 2d 590 (1938); and *Kloskowski et al. v. Hudson Coal Co.*, supra.

Where a controversy hinges upon a finding that contributions were or were not received, or that the parents did or did not need such contributions to supply them with the ordinary necessities of life, the findings of the compensation authorities on such issues are final if supported by competent evidence. *Feldman v. Pictorial Review—Women's World Publishing Company et al.*, 122 Pa. Superior Ct. 491, 497-8, 186 A. 308 (1936); *Cardone v. Jennings*, supra.

Here there was evidence to support the findings of the board, and there is no doubt that under the facts of this case the claimant was only partially dependent upon her son for support at the time of his tragic death.

Judgment affirmed.