## DiCampli *v.* General Electric Company, Appellant.

428

Argued September 14, 1960. Before WRIGHT, WOOD-
SIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES,
P. J., and GUNTHER, J., absent).

*Francis Hopkinson,* with him *Drinker, Biddle &
Reath,* for appellant.

*Jack C. Briscoe,* with him *Samuel H. Stewart,* for
appellee.

OPINION BY WRIGHT, J., November 16, 1960:

This is a workmen's compensation case. The question before us is whether the compensation authorities were warranted in holding that Mary DiCampli, the claimant, qualified as a partial dependent under Section 307(5) of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 P.S. 561. The Referee made an award in claimant's favor, which was affirmed by the Workmen's Compensation Board and by the Court of Common Pleas. The employer has appealed.

There is no dispute as to the facts. Alexander J. DiCampli, Jr., aged 23 years, unmarried son of Alexander DiCampli, Sr. and Mary DiCampli, was fatally injured in an industrial accident on December 12, 1956, while in the employ of the General Electric Company. At the time of the son's death his average weekly wage was $80.00.[1] He lived in the family home, 2103 South 61st Street, Philadelphia, which was owned by his parents free of incumbrance. In addition to the deceased son, the household consisted of the parents and another son, aged 14 years. The father, claimant's husband, was regularly employed as a maintenance foreman by the Baltimore and Ohio Railroad Company. His take-home pay was $75.00 per week, all of which he contributed to the support of his wife and family. The deceased son gave his mother a minimum of $15.00 per week, occasionally as much as $18.00 or $20.00, in return for which he was provided with a furnished room, including linens, plus three meals a day. In addition, claimant did her son's laundry and sometimes bought clothing for him.

---

[1] Apparently the employer also provided insurance, as the claim petition refers to a payment of $10,000.00 in addition to the maximum statutory allowance for burial expense.

There was no direct testimony in claimant's case as to the cost of her support. However, the Referee and counsel for appellant elicited on cross-examination the total sum of $2,370.00 as the amount of household expenses which claimant and her husband estimated on an annual basis. By contrast, the take-home pay of claimant's husband amounted to $3,900.00 per year. The only evidence of claimant's dependency was her unsupported statement that the amounts received from her deceased son were contributions to her support, that she considered these contributions necessary for her maintenance, and that "I miss that money".

At the time of this accident, Section 307 of the statute provided as follows: "In case of death, compensation shall be computed on the following basis, and distributed to the following persons . . . 5. If there be neither widow, widower, nor children entitled to compensation, then to the father or mother, if dependent to any extent upon the employe at the time of the accident, thirty-two per centum of wages, but not in excess of thirteen dollars and twenty-five cents per week: Provided, however, That in the case of a minor child who has been contributing to his parents, the dependency of said parents shall be presumed: And provided further, That if the father or mother was totally dependent upon the deceased employe at the time of the accident, the compensation payable to such father or mother shall be fifty-two per centum of wages, but not in excess of twenty-two dollars per week".

We are here not concerned with the case of a minor child, so that there is no presumption of dependency. Furthermore, claimant is not a widow but is living with and being supported by her husband, who makes no assertion that he himself was dependent upon the deceased son. We must determine whether

the claimant's bare averment that she needed her deceased son's contributions is sufficient in law to sustain a finding of partial dependency, in the face of testimony that she was living with her husband, that the expenses of their household amounted to less than two-thirds of the husband's take-home pay, and that the deceased son, in return for his contributions, received his room and board and other benefits.

Where parents are claiming compensation under the Workmen's Compensation Act for the death of an adult son, the burden of proof is on them to affirmatively show the fact of their dependency: *Todd v. Lehigh Valley Coal Co.*, 297 Pa. 302, 146 A. 893. In the *Todd* case, both the father and mother were claimants. Our research has failed to disclose a case wherein an award was made to a mother alone when, as in the instant case, she was living with her husband. It is of course true that this court is not a fact finding body, and that it is our duty to sustain the findings of fact made by the compensation authorities if there is legally competent evidence to support them: *Dindino v. Weekly Review Publishing Co.*, 188 Pa. Superior Ct. 606, 149 A. 2d 475. However, as pointed out in the *Dindino* case, the statute contemplates actual dependency and that fact must appear in the record. And see *Morris v. Yough Coal & Supply Co.*, 266 Pa. 216, 109 A. 914. Dependency is not affirmatively established by mere proof of the receipt of contributions: *Icenhour v. Freedom Oil Works Co.*, 145 Pa. Superior Ct. 168, 20 A. 2d 817.

When the facts are admitted and permit of a single legitimate inference, the question of dependency becomes one of law: *Carter v. Vecchione*, 183 Pa. Superior Ct. 595, 133 A. 2d 297; *Motley v. Braun Construction Co.*, 169 Pa. Superior Ct. 141, 82 A. 2d 581. Cf. *Adams v. Dunn*, 192 Pa. Superior Ct. 319, 162 A. 2d

42. In *Mattis v. Arcadia Coal Co.*, 148 Pa. Superior Ct. 462, 25 A. 2d 610, the compensation authorities, affirmed by the court below, made an award to both parents on the basis of total dependency. We reversed because the uncontradicted facts of record established only partial dependency. See also *Kovatch v. Durkin*, 116 Pa. Superior Ct. 192, 176 A. 507, wherein we affirmed the action of the lower court in reducing an award by the compensation authorities from total to partial dependency on the basis of the admitted facts in the record. By the same token, if the undisputed facts establish the absence of any dependency whatever, it becomes our duty to so rule as a matter of law.

The case of *Williams v. John B. Kelly Co.*, 128 Pa. Superior Ct. 228, 193 A. 97, relied upon by the Board and the court below is not controlling. In that case an unemployed mother-claimant was divorced from her husband and was actually in need of her deceased son's support. *Cardone v. Jennings*, 133 Pa. Superior Ct. 318, 2 A. 2d 590, and *Tanner v. United States Steel Corp.*, 176 Pa. Superior Ct. 420, 107 A. 2d 692, also cited by the court below, are similarly not controlling. The *Cardone* case involved a claim for total dependency made by an unemployed widow for the death of her minor son. In the *Tanner* case the mother-claimant was separated from her husband, and was admittedly entitled to compensation. The only question was the extent of her dependency.

In *Zedalis v. Jeddo-Highland Coal Co.*, 113 Pa. Superior Ct. 49, 172 A. 169; *Kelly v. Hudson Coal Co.*, 119 Pa. Superior Ct. 405, 179 A. 753; and *Smitti v. Roth Cadillac Co.*, 145 Pa. Superior Ct. 292, 21 A. 2d 127, we sustained awards to both parents for partial dependency on the ground that the father's monthly income was less than the monthly family budget, and

the deceased son had been contributing his entire earnings to the maintenance of the family unit. On the other hand, in *Orosky v. American Window Glass Co.*, 162 Pa. Superior Ct. 195, 56 A. 2d 384, wherein a disallowance by the compensation authorities was affirmed, we pointed out that the father's "average earnings, when compared with appellants' estimated regular expenditures, make apparent the impossibility of a finding of dependency within the meaning of the statute".

The factual situation in the instant appeal resembles that in the *Orosky* case, rather than that in the *Zedalis*, *Kelly*, and *Smitti* cases. It is apparent that this claimant did not depend for any part of her maintenance upon the contributions of her deceased son. On the contrary, the uncontradicted evidence clearly demonstrates that claimant was supported by her husband, and that the modest payments made by the deceased son were no more than partial recompense for the benefits which he received. Cf. *Worman v. Treadwell Engineering Co.*, 10 Pa. D. & C. 67. "The statute was designed to provide compensation; that is, the making good of the loss of support. Where such loss did not exist compensation does not accrue": *Corcoran v. Pennsylvania Coal Co.*, 76 Pa. Superior Ct. 325.

Appeal sustained, and judgment here entered for the appellant.

---

DISSENTING OPINION BY MONTGOMERY, J.:

I dissent and would affirm the award to claimant on the opinion of the lower court. What the majority of this Court has apparently overlooked in considering the importance of the contributions made by the decedent to his mother is the precarious employment status of the father, a 67 year old railroad sec-

tion foreman. At such an age, a large amount of his wages should properly be reserved to provide support for himself and his family at the time of his inevitable retirement, which will be soon. Under such conditions, the mother (claimant) would of necessity become more and more dependent on the contributions of her son. Therefore, I can not agree that at the time of the son's death she was not dependent on him *to some extent.* Such dependency was found to exist by the Board and by the lower court; and, I think, under the evidence in this case such finding was proper.